■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BONILLA, Appellant. — Judgment, Supreme Court, New York County (Lang, J.), rendered January 25, 1979, convicting defendant, upon his plea of guilty, of assault in the first degree and sentencing him to an indeterminate term of from zero to seven years' incarceration, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and matter remanded for resentencing or withdrawal of the plea. On September 25, 1978, the defendant pleaded guilty to assault in the first degree. The court promised that the maximum sentence would be zero to five years' incarceration and that the minimum would be zero to three years. The court further warned defendant that, if he failed to appear for sentencing, a 15-year maximum would be imposed. At sentencing on January 25, 1979, the court imposed an indeterminate term of imprisonment of zero to seven years. Neither the defendant nor his attorney objected to the sentence imposed. The defendant was released on parole on August 31, 1981. The sentencing court imposed a more severe sentence than the maximum sentence promised. It is not clear from the record

whether the sentencing court deliberately imposed a more severe sentence on new information brought to its attention or whether it did so inadvertently. If the court intentionally chose to impose a more severe sentence based upon new information, then the defendant should have been given the opportunity to withdraw his plea (*People v Selikoff,* 35 NY2d 227, cert den 419 US 1122). If the harsher sentence was imposed by mistake, then that mistake should be corrected. As the People concede, the judgment should be reversed and the matter remanded so that (i) either the court may resentence defendant or (ii) defendant be allowed to withdraw his plea. Concur — Murphy, P. J., Sandler, Bloom, Fein and Asch, JJ.